IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KELLY THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-00051-KD-N |
| | ) | |
| EIGHT MILE NURSING & REHAB. | ) | |
| CENTER, LLC, et al, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the following: Plaintiff's First Amended Complaint (Doc. 7) filed February 27, 2015, and construed by the Court as a Motion for Leave to Amend (*see* Doc. 10 at 3); Plaintiff's Motion to Remand to State Court (Doc. 8) filed February 27, 2015; and Defendants' Objection to both motions (Doc. 15) filed March 11, 2015. These Motions have been referred to the undersigned United States Magistrate Judge for entry of a report and recommendation pursuant to 28 U.S.C. 636(b)(1)(B) and Local Rule 72.2. Upon consideration, and for the reasons stated herein, it is the recommendation of the undersigned that the Plaintiff's Motion to for Leave to Amend be **GRANTED** and this action be **REMANDED** to the Circuit Court of Mobile County, Alabama.

### I.  Procedural History

This action, which arises from a resident falling out of bed at a residential

nursing facility,[1] was initially filed in the Circuit Court of Mobile County, Alabama, on January 22, 2015. Doc. 1-1 at 2. Defendants timely removed the action to this Court on January 30, 2015, on the basis of diversity jurisdiction. Doc. 1 (Notice of Removal). Defendants answered the complaint at the time of removal. Docs. 2, 3.

Plaintiff filed the instant motion on February 27, 2015, seeking leave of court to amend the complaint to add Brittany Pugh, the nurse who was allegedly changing Plaintiff Kelly Thomas when she rolled out of bed, as a defendant. Doc. 7 at 1. The addition of Ms. Pugh, a citizen of the State of Alabama, as a party in this action would destroy diversity jurisdiction.[2]

## II.    Discussion

Rule 15(a) of the Federal Rules of Civil Procedure directs that "leave [to amend] shall be freely given when justice so requires," so long as the action has not yet been placed on the trial calendar.[3] However, where a plaintiff seeks to amend the complaint to assert claims against new defendants who would destroy the court's subject-matter jurisdiction, the court must instead apply the standard detailed in 28 U.S.C. §1447(e). *See Bevels v. American States Ins. Co.*, 100 F. Supp. 2d 1309, 1312 (M.D. Ala. 2000) ("This court agrees with the reasoning of other federal courts that 28 U.S.C. § 1447(e), rather than Rule 15(a), should apply when a

---

[1] According to the First Amended Complaint (Doc. 7 at 10), Plaintiff Kelly Thomas rolled off the bed and onto the floor while being changed by Nurse Brittany Pugh.
[2] Plaintiff alleges that Brittany Pugh was "a resident of Mobile County, Alabama . . . at all times material to this Complaint." Doc. 7 at 10.
[3] The parties have submitted their Rule 26(f) Planning Meeting Report, but no Rule 16(b) Scheduling Order has been entered.

plaintiff seeks to amend a complaint to destroy diversity jurisdiction after removal.")

28 U.S.C. § 1447(e) provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court". When applying 28 U.S.C. § 1447(e) to determine whether to allow an amendment that destroys diversity jurisdiction, the court must examine the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities. *McReynolds v. Cotton States Ins.*, 2005 WL 2146034 (M.D. Ala., August 31, 2005) (slip opinion) *citing Hensgens v. Deere & Co.*, 833 F. 2d 1179, 1182 (5th Cir. 1987), *cert. denied*, 493 U.S. 851, 110 S. Ct. 150, 107 L. Ed. 2d 108 (1989).[4] Upon consideration of these four factors, the district court has the following two options: (1) deny joinder; or (2) permit joinder and remand the case to state court. *Ingram v. CSX Transportation, Inc.*, 146 F. 3d 858, 862 (11th Cir. 1998); *see also Sexton v. G & K Services, Inc.*, 51 F. Supp. 2d 1311, 1313 (M.D.Ala.1999) (finding that "[t]he district court, when faced with an amended pleading naming a new non-diverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment."); *Smith v. White*

---

[4] The Court notes that while <u>Hensgens</u> pre-dates the enactment of § 1447(e), the factors set forth therein for analyzing the propriety of an amendment of this nature are still relevant. *See Jarriel v. General Motors Corp.*, 835 F.Supp. 639 (N.D. Ga. 1993).

3

*Consol. Indus., Inc.*, 229 F.Supp.2d 1275, 1277 (N.D. Ala. 2002); *Jerido v. American Gen. Life & Accident Ins. Co.*, 127 F. Supp. 2d 1322, 1324 (M.D. Ala. 2001).

Defendants removed this action to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332 arguing that the Plaintiff, an Alabama citizen, is completely diverse from the Defendants Eight Mile Nursing and Rehabilitation Center, LLC, d/b/a North Mobile Nursing and Rehabilitation Center ("North Mobile") and Aurora Cares, LLC, d/b/a Tara Cares ("Tara Cares"), who are citizens of New York.[5] Doc. 1 (Notice of Removal). On February 27, 2015, four weeks after that removal had been effected, Plaintiff moved to amend the complaint to add Ms. Pugh, a non-diverse defendant.

Plaintiff states she did not know the first name of "B. Pugh" at the time of filing this case in Mobile County Circuit Court. Doc. 8 at 1; *see* Doc. 1-1 at 32 (listing "B. Pugh, CNA," as the first individual on whom "complete personnel files" were sought). However, Plaintiff included discovery requests with the original complaint designed to produce the full name of Ms. Pugh. Doc. 1-1 at 32. In the original complaint Plaintiff also pled, as a fictitious defendant, the "nurse who undertook to provide medical services to Kelly Thomas on the occasions made the basis of this suit, whose proper identify will be substituted upon identification of same." *Id.* at 1. Plaintiff now seeks to amend the complaint to add Ms. Pugh, a non-diverse defendant, as a party and maintains that Defendants will suffer no prejudice as a result.

---

[5] Both corporate Defendants are LLCs, which are citizens of all of the States of which their members are citizens. *See Rolling Green MHP, LP v. Comcast SCH Holdings, LLC*, 374 F. 3d 1020, 1022 (11th Cir. 2004). All of the members of the defendant LLCs are citizens of New York. Doc. 1 at 2-3.

*Intent to Destroy Jurisdiction*

Defendants object to the amendment on the grounds, in sum, that Plaintiff's sole reason for adding Ms. Pugh as a defendant is to destroy diversity. Doc. 19. Defendants further argue that Plaintiff will not suffer prejudice since "Plaintiff can obtain a judgment and full relief against North Mobile without Brittney Pugh as a defendant". *Id.* at 3.

The timing of plaintiffs' motion is relevant to the Court's inquiry. The Motion for Leave to Amend, sought in order to add the non-diverse defendant, comes only four weeks after removal to federal court. Doc. 1 *compare* Doc. 7. However, it also comes less than six weeks after originally filing the case in state court. Doc. 1-1 *compare* Doc. 7. This is a reasonable period in which to discover and add the new defendant without becoming dilatory. Additionally, the diverse defendants had notice from the original complaint that the Plaintiff sought to discover the identity of the nurse and add him or her as a party. Doc. 1-1 at 1 (naming as a fictitious defendant the "nurse who undertook to provide medical services to Kelly Thomas on the occasions made the basis of this suit, whose proper identify will be substituted upon identification of same."). Since the Plaintiff did not know the name of this individual at the time of filing the case, this factor does not weigh against allowing amendment of the complaint. *See, e.g.*, *Smith v. White Consol. Industries, Inc.*, 229 F. Supp. 2d 1275, 1280 (N.D. Ala. 2002).

In *Smith*, the court noted that "[a]n additional factor in the analysis of whether a plaintiff's purpose in adding a non-diverse defendant is to defeat subject

5

matter jurisdiction is a consideration of the relative merits or strength of the plaintiff's claim against the diversity destroying defendant." 229 F. Supp. 2d at 1280 *citing Goodman v. Travelers Ins. Co.*, 561 F. Supp. 1111, 1113 (N.D. Cal. 1983) (holding that if the claim against the non-diverse defendant is relatively strong, joinder should be allowed). "Conversely, if the claim against the non-diverse defendant is relatively weak or has no merit, that factor should be taken into account and would weigh against joinder." 229 F.Supp. 2d at 1280.

The Plaintiff's amended complaint alleges, in pertinent part, that "Brittany Pugh . . . was changing Kelly Thomas, when Kelly Thomas's feet went over the edge of the bed, and Kelly Thomas subsequently fell to the floor as she was rolled over." Doc. 7 at 10. If the allegations are true, the Plaintiff could make a meritorious claim of wantonness (requiring a showing that "the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty." *Lemley v. Wilson*, ___ So. 3d ___, 2015 WL 968938 at *6 (Ala. March 6, 2015)) or of medical negligence (requiring "substantial evidence establishing (1) that the defendant breached the standard of care and (2) that this breach proximately caused the plaintiff's injuries." *Bibb v. Center for Pain of Montgomery, P.C.*, 23 So. 3d 1135, 1136 (Ala. 2009) *quoting Williams v. Spring Hill Memorial Hosp.*, 646 So. 2d 1373, 1375 (Ala. 1994)) against Ms. Pugh, which her Motion for Leave to Amend seeks to join. Based on the information as currently presented, the Court cannot find that the claim against Ms. Pugh has no merit such that joinder should be denied.

*Dilatory Conduct*

The Plaintiff filed the Motion for Leave to Amend only four weeks after removal to this Court and less than six weeks since filing the original complaint (Doc. 8 *compare* Docs. 1, 1-1), prior to any Rule 16(a) scheduling order being ordered. Due to this prompt action, Plaintiff is not dilatory in seeking to amend her complaint.

*Prejudice and Equitable Concerns*[6]

Defendants next argue that the Plaintiff is able to seek a full judgment against North Mobile and Tara Cares and there is no need to sue Ms. Pugh. Doc. 9. However, disallowing joinder here would leave only state court as a forum in which to seek judgment from Ms. Pugh. Two suits would cause Plaintiff to bear the expense of maintaining parallel suits, including duplicative discovery costs and time, and would result in a lack of judicial economy. *See Jarriel v. General Motors Corp.*, 835 F. Supp. at 641 ("the court should balance the danger of parallel federal/state proceedings against the defendant's interest in retaining the federal forum.") *citing Hensgens v. Deere & Co.*, 833 F. 2d 1179, 1182 (5th Cir. 1987). The Court cannot conclude that Plaintiff will not suffer any prejudice if she is not allowed to add Ms. Pugh as a defendant in this action.

### III.   Conclusion

Applying the above stated factors relevant to the court's exercise of discretion under 28 U.S.C. § 1447(e), the undersigned finds that the factors weigh in

---

[6] In balancing the equitable concerns, the Court is mindful that consideration should be given to the defendants' right to choose the federal forum. *See Hensgens*, 833 F.2d at 1181.

7

favor of allowing the Plaintiff to amend her complaint to add the non-diverse defendant. Accordingly, upon consideration, it is **RECOMMENDED** that the Motion for Leave to Amend (Doc. 7) be **GRANTED**, that the Motion to Remand be **GRANTED**, and that this case be **REMANDED** to the Circuit Court of Mobile County, from whence it came.

### IV.    Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 2nd day of April 2015.

/s/ *Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**